# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

| | | |
|---|---|---|
| **Ismail Ismailov**, | X | |
| *Plaintiff*, | X | |
| | X | |
| v. | X | Case No. |
| | X | |
| **Alejandro Mayorkas** Secretary, | X | |
| Department of Homeland Security; | X | |
| **Tracy Renaud**, Acting Director, | X | |
| U.S. Citizenship and Immigration Services, | X | |
| | X | |
| *Defendants*. | X | |

_____/

## COMPLAINT FOR ISSUANCE OF WRIT OF MANDAMUS

To the Honorable Judge of Said Court:

## I.  INTRODUCTION

This action is brought by Plaintiff to request that this Court compel Defendants to adjudicate a Form I-360, Petition for Amerasian, Widow(er), or Special Immigrant ("Form I-360"), and a Form I-485, Application to Register Permanent Residence or Adjust Status ("Form I-485"), filed by Plaintiff with Defendants.  The Form I-360 and I-485 were received by U.S. Citizenship and Immigration Services ("USCIS") on September 12, 2016 and remain pending with USCIS as of the submission of this complaint.

## II. PARTIES

1. That the Plaintiff, **Ismail Ismailov (A 214-225-012)** is a native and citizen of Uzbekistan.

2. That the Defendant, **Alejandro Mayorkas**, is the Secretary of the Department of Homeland Security.    He is responsible for the administration and enforcement of the Immigration and Nationality Act in accordance with 8 U.S.C. §1101 *et seq.*  Defendant Mayorkas is being sued in an official capacity.

3. That the Defendant, **Tracy Renaud**, is the Acting Director of USCIS, an agency of the United States government involved in the acts challenged in this action.  Defendant Renaud is being sued in an official capacity.

## III. JURISDICTION

4. That this is a civil action brought pursuant to 28 U.S.C. §1331 and §1361 to redress the deprivation of rights, privileges and immunities secured to Plaintiffs, by which jurisdiction is conferred, to compel Defendants to perform duties owed to Plaintiff.

5. That jurisdiction is also conferred by 5 U.S.C. §704.  Plaintiff is aggrieved because the agency is withholding action, as the Administrative Procedure Act requires in order to confer jurisdiction on the District Courts, 5 U.S.C. §§702 *et seq.*

6. That the aid of the Court is invoked under 28 U.S.C. §2201 and §2202, authorizing a declaratory judgment.

7. That costs and attorney's fees will be sought pursuant to the Equal Access to Justice Act.  5 U.S.C. §504 and 28 U.S.C. §2412(d), *et seq*.

## IV. VENUE

8. That venue is proper in the Orlando Division of the Middle District of Florida pursuant to 28 U.S.C § 1391(e) because Plaintiff resides in Orange County, Florida, within the territorial limits of the Orlando Division.

## V.  REMEDY SOUGHT

9. That Plaintiff asks this Court to compel Defendants to adjudicate a Form I-360 and a Form I-485 filed with Defendants on or about September 12, 2016.

## VI. CAUSE OF ACTION

10. That Plaintiff is a native and citizen of Uzbekistan.

11. That on or about September 12, 2016, USCIS received a Form I-360 filed by Plaintiff seeking classification as the widower of a U.S. Citizen as described at 8 U.S.C. §1151(b)(2)(A)(i).  This petition was assigned receipt number MSC 16-916-38324.

12. That concomitantly with the submission of the above-mentioned Form I-360, Plaintiff filed a Form I-485 seeking "adjustment of status" to that of

an alien lawfully admitted for permanent residence.  This Form I-485 was assigned receipt number MSC 16-916-38233.

13. That USCIS scheduled Plaintiff to appear for an interview on August 22, 2017 at its Field Office located in Orlando, Florida.

14. That on August 14, 2017, USCIS sent a Notice of Interview Cancellation to Plaintiff.

15. That USCIS scheduled Plaintiff to appear for an interview on May 22, 2019 at its at its Field Office located in Orlando, Florida.

16. That Plaintiff appeared for the scheduled interview before the USCIS Field Office in Orlando, Florida on May 22, 2019.

17. That Plaintiff has received no further updates from USCIS since attending the May 22, 2019 interview discussed above.

18. That Defendants have a "clear duty" to adjudicate Plaintiff's Form I-360 and Form I-485.

19. That USCIS is currently reporting on its website (www.uscis.gov) that it is adjudicating Forms I-485 at its Field Office in Orlando, Florida in 15 to 20 months.  As explained by USCIS, the agency reports that it takes 15 months to process 50% of similar cases and 20 months to process 93% of similar cases.

20. That Plaintiff's Form I-360 and Form I-485 have remained pending for approximately 54 months.

21. That the delay associated with Plaintiff's Form I-360 and Form I-485 has become "unreasonable."

22. That Plaintiff seeks the aid of this Court in ordering Defendants to adjudicate his pending Form I-360 and Form I-485.   Without this assistance, Plaintiff submits that an otherwise qualified individual is prevented from obtaining a determination on the merits of his application for immigration benefits as a result of delays solely attributable to Defendants.

23. That mandamus is appropriate because there is no other remedy at law. Through the instant action, Plaintiff seeks to compel the government to adjudicate his pending Form I-360 and Form I-485 in accordance with applicable law.  Plaintiff's causes of action arise from the agency's lack of overt administrative action to adjudicate his Form I-360 and Form I-485 as is required to provide this Court with jurisdiction pursuant to the Mandamus Act and the Administrative Procedure Act.

## VII. PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff respectfully requests that this Court:

1. Accept jurisdiction and maintain continuing jurisdiction of this action;

2. Conduct such hearings and examinations of Plaintiff as necessary to determine that the relief requested by Plaintiffs is warranted as a matter of law;

3. Declare Defendants' action unreasonably delayed pursuant to 5 U.S.C. § 706(1);

4. Issue a preliminary and permanent injunction pursuant to 28 U.S.C. § 1361 and 5 U.S.C. § 706(1) compelling Defendants to adjudicate Plaintiff's Form I-485;

5. Issue a writ in the nature of mandamus, pursuant to 28 U.S.C. § 1361 and 5 U.S.C. § 706(1), compelling Defendants to adjudicate Plaintiff's Form I-485;

6. Grant attorneys' fees and costs of this suit under the Equal Access to Justice Act, 28 U.S.C. § 2412;

7. Grant such other relief as this Court may deem just and proper.

Respectfully submitted,

/s/    David Stoller    /s/
David Stoller, Esquire
Attorney for Plaintiff
4445 S. Conway Rd.
Orlando, Florida 32812
Phone: (407) 999-0088
Fax: (407) 382-9916
Email: david@davidstollerlaw.com
Florida Bar No. 92797

**Table of Contents**

**Documents in Support of Complaint**

**Ismail Ismailov v. Alejandro Mayorkas, et al.**

Exhibit 1:    Form I-797C, Notice of Action, filing receipt notice for Form I-360;

Exhibit 2:    Form I-797C, Notice of Action, filing receipt for Form I-485;

Exhibit 3:    USCIS Web Portal information relating to Form I-485 (MSC 16-91638-233);

Exhibit 4:    USCIS Web Portal information relating to Form I-360 (MSC 16-91638-234);

Exhibit 5:  Current Published Processing Report relating to USCIS Orlando Field Office and USCIS Explanation of Processing Times;

Exhibit 6:  USCIS Information Sheet discussing how to read agency Processing Reports.